# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### MAY SESSION, 1997

**FILED**

July 30, 1997

Cecil W. Crowson
Appellate Court Clerk

GARY S. MAYES,          )

                      )

      Appellant         )     No. 01C01-9605-CR-00205

                      )

vs.                )     DAVIDSON COUNTY

                      )

STATE OF TENNESSEE,   )     Hon. THOMAS H. SHRIVER, Judge

                      )

      Appellee         )     (Habeas Corpus)

For the Appellant:

**THOMAS H. MILLER**
P. O. Box 681662
Franklin, TN 37068-1662

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**VICTOR S. (TORRY) JOHNSON III**
District Attorney General

**JOHN ZIMMERMANN**
Asst. District Attorney General
Washington Sq., Suite 500
222-2nd Ave. N.
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

<u>OPINION</u>

The appellant, Gary S. Mayes, appeals from the denial of his petition for habeas corpus relief. Upon review, we conclude that affirmance of the lower court's decision is proper pursuant to Rule 20, Tenn. Ct. Crim. App.

On September 16, 1993, the appellant pled guilty in the Loudon County Criminal Court to one count of aggravated sexual battery. He is presently confined at the Riverbend Maximum Security Institution in Nashville where he is serving a ten year sentence for this conviction. On July 12, 1995, the appellant filed a *pro se* petition for writ of habeas corpus relief in the Davidson County Criminal Court. Subsequently, on October 10, 1995, upon appointment of counsel, this petition was amended and recaptioned "Petition for writ of habeas corpus/post conviction relief."

The appellant's petition set forth several allegations including, *inter alia*, that Tenn. Code Ann. § 33-6-302 (1984)[1] is unconstitutional; that the appellant was denied admittance to the sex offender treatment program; that the appellant was denied parole based upon his failure to complete the sex offender treatment program; and that the appellant's trial counsel was ineffective. On November 22, 1995, the trial court dismissed the petition finding that the court lacked jurisdiction over the appellant's claims in a habeas corpus setting; that the court lacked jurisdiction over the appellant's post-conviction claims[2]; and that the appellant's claim is based upon the Board of Parole's refusal to grant him parole

---

[1]Tenn. Code Ann. § 33-6-302 provides:
Sex offenders constitute a species of mentally ill persons in the eyes of the general assembly, and where this tendency is pronounced, they should have the same care and custody as mentally ill persons generally, and such persons should be given continued care and treatment so long as their release would constitute a threat to them or to the general public.

[2]Under the Post-Conviction Procedure Act, a petitioner must file a written petition with the clerk of the court where <u>the conviction occurred</u>. Tenn. Code Ann. § 40-30-103 [repealed 1995]. The appellant's conviction occurred in Loudon County and not Davidson.

or to order his enrollment in a sex offender treatment program over which the court had no jurisdiction.[3] In the present appeal, however, the appellant's sole issue is whether the mandated classification of a sex offender as a mentally ill person, pursuant to Tenn. Code Ann. § 33-6-302, is a denial of both his state and federal constitutional due process rights. Specifically, the appellant claims that "[b]ut for this classification imposed under this unconstitutional statute, . . . [the] appellant would have been paroled in 1995."

In Tennessee, habeas corpus relief is <u>only</u> available when a conviction is <u>void</u> because the convicting court was without jurisdiction or authority to sentence a defendant, <u>or</u> that a defendant's sentence has <u>expired</u> and he is being illegally restrained.[4] <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). The appellant's only asserted ground for habeas relief is the constitutionality of Tenn. Code Ann. § 33-6-302.[5] The appellant's petition does not allege that the Criminal Court for Loudon County lacked jurisdiction to convict or sentence the appellant nor does it allege that the appellant's sentence has already expired. If a habeas corpus petition fails to state a cognizable claim for relief, it may be summarily dismissed. <u>Passarella</u> 891 S.W.2d at 627. Thus, the trial court properly dismissed the petition. In accordance with Tenn. Ct. Crim. App. R. 20, we affirm the trial court's dismissal.

---

[3] Actions by the Parole Board are reviewable by the common law writ of certiorari, <u>Thandiwe v. Traugher</u>, 909 S.W.2d 802, 803 (Tenn. App. 1994), and must be filed in chancery court. Tenn. Code Ann. § 27-9-102.

[4] If the face of the record reveals that the court did not have personal and subject matter jurisdiction, or the authority to make the challenged judgment, the judgment is void. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

[5] In a class action suit filed on behalf of all convicted sex offenders in the custody of the Tennessee Department of Correction, the Sixth Circuit determined that Tenn. Code Ann. § 33-6-302 was constitutional on its face. <u>Dean v. McWherter</u>, 70 F.3d 43, 46 (6th Cir. 1995); <u>see also</u> <u>Dalton v. Tennessee Board of Paroles</u>, No. 01-A-01-9601-CH00029 (Tenn. App. at Nashville, May 8, 1996).

3

_____
DAVID G. HAYES, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge